| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| United States of America, | **MEMORANDUM & ORDER** |
| | 91-cr-392-2 (ERK) |
| – against – | |
| Gaetano DiGirolamo, Sr. | |
| Defendant. | |

KORMAN, *J.*:

    I grant Mr. DiGirolamo's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Mr. DiGirolamo is 88 years old and has served close to 30 years in prison for a non-violent drug importation offense.  If sentenced today, he would not be subject to a mandatory sentence of life imprisonment, *see* Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220 (2018) (amending 21 U.S.C. § 841(b)(1)), and although the U.S. Attorney is correct that this reform is not retroactive, I may nonetheless consider it in deciding whether to grant relief under § 3582(c)(1)(A)(i).  *See United States v. Brooker*, 2020 WL 5739712, at *8 (2d Cir. Sept. 25, 2020) (noting that a district court may use § 3582 to reduce a "lengthy sentence" based on the district court's "broad" discretion).  That is not to speak of the obvious risks Mr. DiGirolamo faces at his age if he were to contract Covid-19.

The U.S. Attorney has offered no reason why the defendant should not be released, other than arguing that I lack the power to release him. The U.S. Attorney's letter argues that Mr. DiGirolamo cannot bring this motion under § 2255, but he has not done so. His pro se motion invokes the First Step Act, which permits him to bring a motion under the compassionate release statute, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. at 5239, and indeed his motion requesting the appointment of counsel expressly invokes § 3582(c)(1)(a)(i). ECF No. 132.

Although I do not minimize the seriousness of Mr. DiGirolamo's offense, I see no reason why he should die in prison. I agree with the Deputy Chief Probation Officer that given Mr. DiGirolamo's age and the number of years he has served, "compassionate release seems only right." ECF No. 138. Mr. DiGirolamo shall be released from custody within 48 hours of this order, and he shall be subject to the ten-year term of supervised release to which he was sentenced. *Brooker*, 2020 WL 5739712, at *8 (explaining that a district court may "end the term of imprisonment but impose a significant term of probation or supervised release in its place"). The AUSA shall inform me by letter as soon as Mr. DiGirolamo has been released.

                                                **SO ORDERED.**

                                           *Edward R. Korman*

Brooklyn, New York                          Edward R. Korman
October 22, 2020                            United States District Judge